Anton N. Handal (Bar No. 113812)
anh@handal-law.com
Gabriel G. Hedrick (Bar No. 220649)
ghedrick@handal-law.com
Lauren G. Kane (Bar No. 286212)
lkane@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, CA 92101
Tel: (619) 544-6400
Fax: (619) 696-0323

Attorneys for Plaintiff
ANZA TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anza Technology, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Aerohive Networks Incorporated,<br><br>Defendant. | Case No. **'16CV1260 AJB NLS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anza Technology, Inc. ("Anza" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant Aerohive Networks Incorporated ("Aerohive" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281. Plaintiff Anza seeks a preliminary and permanent injunction and monetary damages for patent infringement.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-1-

*COMPLAINT*

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff is informed and believes that Defendant engages in business in this district, and that Plaintiff has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is headquartered and maintains an office at 330 Gibraltar Drive, Sunnyvale, California. Also, Plaintiff is informed and believes that Defendant transacts continuous and systematic retail business within the State of California and the Southern District of California. This Court has personal jurisdiction over the Defendant because Plaintiff is informed and believes that this Defendant's infringing activities, including, without limitation, the making, using, selling and/or offers for sale of infringing products occur in the State of California and the Southern District of California. In particular, Defendant sells its infringing product through online retail stores, such as CDW.com, Dell.com, barcodegiant.com, among others, to customers in the Southern District. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Southern District of

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

California.

5. Upon information and belief, certain of the products manufactured by or for Defendant have been and/or are currently designed and/or offered for sale by Defendant through an in-house sales and marketing team operating in California.

## PARTIES

6. Plaintiff Anza is a corporation organized and existing under the laws of the State of California with an office and principal place of business at 4121 Citrus Avenue, Suite 4, Rocklin, California 95677. Anza is a designer, manufacturer and seller of bonding tools; ESD tools and other products directed to the manufacture and assembly of electronics, in particular the bonding of electrostatic-sensitive devices.

7. Upon information and belief, Aerohive is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 330 Gibraltar Drive, Sunnyvale, California.

## THE ACCUSED PRODUCTS

8. The Defendant's accused products for purposes of the asserted patents include but are not limited to its wireless electronics hardware products that utilize integrated circuit chips that were manufactured and mounted on printed circuit boards using a "flip chip" bonding process, sold under the "Aerohive" and/or "Aerohive Networks" brands or as manufactured and sold under other brands (the "Accused Products").

9. Plaintiff is informed and believes and thereupon alleges that Defendant designs, manufactures and/or assembles or imports products that depend on high density integrated circuit ("IC") chips that are manufactured and mounted on printed circuit boards using a "flip chip" bonding process that require special electrostatic discharge ("ESD") handling in the Accused Products' assembly process.

10. Plaintiff is informed and believes and thereupon alleges that

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

Defendant specifies that its Accused Products are manufactured and/or assembled to certain standards of ESD controls as published by ANSI, JEDEC, the IEC and/or the ESDA.

## THE ASSERTED PATENTS

11. On October 24, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,124,927 B2 entitled "FLIP CHIP BONDING TOOL AND BALL PLACEMENT CAPILLARY" ("the '927 patent"). Steven F. Reiber is the patent's sole named inventor and Plaintiff is owner, by assignment, of the entire right, title and interest in and to the '927 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '927 patent is attached hereto as Exhibit "A."

12. On June 24, 2008, the USPTO duly and legally issued United States Patent No. 7,389,905 B2 entitled "FLIP CHIP BONDING TOOL TIP" ("the '905 patent"). Steven F. Reiber is the patent's sole named inventor and Plaintiff is owner, by assignment, of the entire right, title and interest in and to the '905 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '905 patent is attached hereto as Exhibit "B."

## COUNT ONE

### INFRINGEMENT OF THE '927 PATENT BY DEFENDANT

13. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 12 above.

14. Defendant has knowledge of infringement of the '927 patent since at least the filing of this complaint.

15. The Accused Products utilize a flip chip bonding technique during manufacture and/or assembly. Flip chip bonding is used for packaging and mounting integrated circuit devices utilized in the Accused Products utilizing dissipative materials during handling so as to reduce ESD damage.

16. Flip chip bonding in the manner described in claim 16 of the '927

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

patent has become the standard for mounting ESD-sensitive devices in order to decrease parasitic resistance, inductance, and capacitance. The method of claim 16 of the '927 patent to reduce damage to ESD-sensitive devices is reflected in a number of manufacturing standards, including, *e.g.*, the ANSI ESD S20.20 standard. By way of example, the ANSI standard specifies that current state of the art manufacturing techniques involving ESD-sensitive devices require the use of tools that utilize dissipative materials, i.e., materials that ANSI defines as having a resistance value between $1 \times 10^4$ and $1 \times 10^{11}$ ohms surface or volume resistance. Such specification from the standard is within the range set forth in the '927 patent. Plaintiff believes and alleges that other applicable ESD standards require substantially similar resistance values.

17. Plaintiff is informed and believes and thereon alleges that Defendant manufactures and assembles the Accused Products, or contracts with others to manufacture and assemble the Accused Products, in compliance with one or more of these ESD standards.

18. In addition, Plaintiff is informed and believes and thereon alleges that during manufacture and assembly of the Accused Products, Defendant and/or its contractors, utilize conductive adhesives, such as solder, as packaging interconnects. These packaging interconnects are formed over the wafer in the form of bumps or balls, spherical in shape, which bumps are electrically and thermally conductive. The packaging interconnects – or solder balls – are heated and pressed against die or substrate pads to form a conductive bump or contact point between the die and the flex.

19. In addition, Plaintiff is informed and believes and thereon alleges that the Accused Products use chipsets that utilize mounting systems, including but not limited to ball grid array(s) that are susceptible to damage resulting from ESD. Following proper manufacturing techniques, the Defendant uses assembly tools that feature the infringing dissipative and resistive technology taught by the

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

Asserted Patents.

20. The Accused Products, alone or in combination with other products, directly or alternatively, under the doctrine of equivalents, therefore infringe each of the limitations of independent claim 16 of the '927 patent in violation of 35 U.S.C. § 271(g) when Defendant imports into the United States or offers to sell, sells, or uses within the United States a product which is made by the processes described above.

## COUNT TWO

## INFRINGEMENT OF THE '905 PATENT BY DEFENDANT

21. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 12 above.

22. Defendant has knowledge of infringement of the '905 patent since at least the filing of this complaint.

23. The Accused Products utilize a flip chip bonding technique during manufacture and/or assembly. Flip chip bonding is used for packaging and mounting integrated circuit devices utilized in the Accused Products utilizing dissipative materials during handling so as to reduce ESD damage.

24. Flip chip bonding in the manner described in claims 53 and 55 of the '905 patent has become the standard for mounting ESD-sensitive devices in order to reduce parasitic resistance, inductance, and capacitance. The methods of claims 53 and 55 of the '905 patent are reflected in a number of manufacturing standards, including, *e.g.*, the ANSI ESD S20.20 standard. By way of example, the ANSI standard specifies that the current state of the art manufacturing techniques involving ESD sensitive devices utilize tools with dissipative materials, i.e., materials that ANSI defines as having a resistance value between $1 \times 10^4$ and $1 \times 10^{11}$ ohms surface or volume resistance. Such specification from the standard is within the range set forth in the '905 patent. Plaintiff believes and alleges that other applicable ESD standards require substantially similar resistance values.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-6-

*COMPLAINT*

25. Plaintiff is informed and believes and thereon alleges that Defendant manufactures and assembles the Accused Products or contracts with others to manufacture and assemble the Accused Products in compliance with one or more of these ESD standards.

26. In addition, Plaintiff is informed and believes and thereon alleges that Defendant manufactures and assembles the Accused Products utilizing conductive adhesives per the method described by claim 53 and 55 of the '905 patent. Conductive adhesive, such as solder, is used as packaging interconnects in the Accused Products. The packaging interconnects are formed over the wafer in the form of bumps or balls, spherical in shape, which bumps are electrically and thermally conductive. The packaging interconnects – or solder balls – are heated and pressed against die or substrate pads to form a conductive bump or contact point between the die and the flex.

27. In addition, Plaintiff is informed and believes and thereon alleges that the Accused Products use chipsets that utilize mounting systems, including but not limited to ball grid array(s) that are susceptible to damage resulting from ESD. Following proper manufacturing techniques, the Defendant uses assembly tools that feature the infringing dissipative and resistive technology taught by the Asserted Patents.

28. The Accused Products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents infringe each of the limitations of independent claims 53 and 55 of the '905 patent in violation of 35 U.S.C. § 271(g) when Defendant imports into the United States or offers to sell, sells, or uses within the United States a product which is made by the processes described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. That Defendant has infringed the Patents-in-Suit;

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323
HANDAL & ASSOCIATES

2. Compensation for all damages caused by Defendant's infringement of the Patents-in-Suit to be determined at trial;

3. A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

4. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

5. Awarding such other relief as this Court may deem just and proper.

HANDAL & ASSOCIATES

Dated: May 26, 2016      By:   */s/ Gabriel G. Hedrick*
                               Gabriel G. Hedrick
                               Attorneys for Plaintiff
                               Anza Technology, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

HANDAL & ASSOCIATES

Dated: May 26, 2016      By:   */s/ Gabriel G. Hedrick*
                               Gabriel G. Hedrick
                               Attorneys for Plaintiff
                               Anza Technology, Inc.

*COMPLAINT*